IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. GRANT,

       Plaintiff,                     No. 2:11-cv-00360 LKK KJN PS

       v.

UNITED STATES OF AMERICA, et al.,

       Defendant.               ORDER

       Presently before the court is a motion to dismiss plaintiff's fifth and sixth claims for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), which was filed by defendants Mary Pickett and Mercury Casualty Company [1] ("Mercury").[2] Ms. Pickett and Mercury (collectively, the "Mercury Defendants") contend that plaintiff's complaint fails to state claims for invasion of privacy under California law.

////

////

---

[1] Mercury Casualty Company asserts that it was erroneously sued as "Mercury Insurance Group."

[2] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

The court heard this matter on its law and motion calendar on April 7, 2011.[3] (Minutes, Dkt. No. 24.) Attorney Kristina L. Velarde appeared via telephone on behalf of the Mercury Defendants. Plaintiff, who is proceeding without counsel, failed to appear.[4] The undersigned intended to ask plaintiff several questions at the hearing, and plaintiff's unexplained failure to appear deprived the undersigned of the opportunity to do so.

As indicated on the record at the hearing, the undersigned was prepared to rule on the Mercury Defendants' motion to dismiss. The undersigned is presently inclined to recommend that: (1) plaintiff's fifth claim for relief alleging an invasion of privacy be dismissed with prejudice to the extent that it is premised on "public disclosure of private facts" theory of invasion of privacy under California's common law; (2) plaintiff's fifth claim for relief be allowed to proceed to the extent that it is premised on either an "intrusion into private matters" theory of invasion of privacy under California's common law ("Intrusion Claim") or a violation of Article I, section 1 of the California Constitution ("Constitutional Claim"); and (3) plaintiff's sixth claim for relief be dismissed with prejudice as barred by California's absolute litigation privilege, Cal. Civ. Code § 47(b). However, comments by Mercury Defendants' counsel at the hearing have raised additional concerns, which lead the undersigned to order supplemental briefing as follows.

First, the Mercury Defendants argued for the first time in their reply brief that

---

[3] On April 7, 2011, defendants United States of America, the Department of Veterans Affairs, and the Department of Veterans Affairs San Francisco Medical Center filed an answer to plaintiff's complaint. (Fed. Defs.' Answer, Dkt. No. 25.)

[4] Plaintiff's opposition brief includes the following at page 17: "NOTICE OF INTENT TO SUBMIT THE MATTER ON THE BRIEFS." Plaintiff cites Federal Rule of Civil Procedure 78 and Eastern District Local Rule 230(i). Plaintiff's notice does not excuse his absence at the hearing. Local Rule 230(i) does not permit a party to provide a notice of intent to submit a matter and thus not appear at a court hearing; it merely refers to the consequences of a party's failure to appear absent the court noticing its intent to submit a matter. Plaintiff must attend all future hearings absent notice from the court that the matter has been submitted on the briefs and record. Plaintiff may file a request to appear via telephone at future hearings, and such requests will be considered by the court on a case-by-case basis.

1    California's absolute litigation privilege, Cal. Civ. Code § 47(b), bars plaintiff's statutory

2    invasion of privacy claim, which plaintiff alleged under California Civil Code § 1798.53.[5]  A fair

3    reading of the reply brief indicates that it does not assert that the litigation privilege also bars

4    plaintiff's Intrusion Claim and/or Constitutional Claim of invasion of privacy.  Yet, at the

5    April 7, 2011 hearing, counsel for the Mercury Defendants argued that the Mercury Defendants

6    intended to assert the privilege as to plaintiff's Intrusion Claim and/or Constitutional Claim.  The

7    undersigned orders the Mercury Defendants to address: (1) where in the Mercury Defendants'

8    initial memorandum of points and authorities or reply brief the Mercury Defendants asserted that

9    the litigation privilege bars plaintiff's Intrusion Claim and/or Constitutional Claim of invasion of

10   privacy; and (2) regardless of whether it has been previously asserted, the substantive basis for

11   the application of that privilege to plaintiff's Intrusion Claim and/or Constitutional Claim of

12   invasion of privacy.

13           Second, counsel for the Mercury Defendants appeared to argue at the April 7,

14   2011 hearing that Mercury was merely an "unwitting recipient" of plaintiff's health records and

15   that, as a result, the Mercury Defendants did not intrude on plaintiff's privacy rights under

16   California's common law or the California Constitution.  The Mercury Defendants rely on the

17   following passage from plaintiff's opposition to the motion to dismiss:

> Defendants Mercury Casualty Company and/or Mary Pickett on page 3 at line 6 of defendant's [sic] 12(b)(6) motion defendants allege "Mercury was simply the recipient of the VA's "inadvertent" disclosure of documents.  Pursuant to the VA's request (Exhibit G), Mercury/Pickett relayed to it's attorney John Hallisy, the documents that the VA requested to be returned."  I accept this statements [sic] as a true statement as to facts and events plaintiff was unaware of until after reading defendant's [sic] 12(b)(6) motion, as well as a factual admission of defendant Mercy/Mery [sic] Pickett [sic] violation of Cal. Civ. Code 1798.53 before the Veterans Administration told defendant's [sic] to Return [sic] plaintiff's Medical Records to the Veterans Administration.

24   (Pl.'s Opp'n at 3:8-13.)  The Mercury Defendants appear to argue that this "concession" by

---

[5]  To the extent that any argument was raised for the first time in a reply brief, this order for supplemental briefing also provides plaintiff with an opportunity to respond to that argument.

3

plaintiff defeats his alleged Intrusion Claim and Constitutional Claim as a matter of law because Mercury was an unwitting recipient of the health records at issue.  The Mercury Defendants are ordered to address why they believe this is the case, especially in light of plaintiff's allegation that on or about August 5, 2009, Mercury and Ms. Pickett contacted Daniel McDonald and *requested* that Mr. McDonald "provide defendant with plaintiff's personal, confidential and individually identifiable health information without authorization." (Compl. ¶ 78.)  The Mercury Defendants should also consider plaintiff's allegations in his opposition brief that suggest, consistent with the allegations in the complaint, that the Mercury Defendants communicated with Mr. McDonald to obtain health records.  (See Pl.'s Opp'n ¶ 5.)

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Mercury Defendants shall file and serve, on or before April 18, 2011, a supplemental brief addressing the issues raised above.  The Mercury Defendants' supplemental brief shall not exceed five pages in length.

2. Plaintiff may, if he desires, file a response to the Mercury Defendants' supplemental brief.  Plaintiff shall file his optional response within 14 days of being served with the Mercury Defendants' supplemental brief.  Plaintiff's response shall not exceed five pages in length.

3. The undersigned will set a hearing only if it deems such a hearing to be necessary or helpful to the disposition of the Mercury Defendants' motion to dismiss.

IT IS SO ORDERED.

DATED: April 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE