1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MARK A. GRANT,

11          Plaintiff,                    No. 2:11-cv-00360 LKK KJN PS

12      v.

13  UNITED STATES OF AMERICA,
    et al.,
14
              Defendant.            <u>ORDER</u>
15  _____/

16          On July 7, 2011, the undersigned conducted a status (pretrial scheduling)

17  conference in this case.[1]  (Minutes, Dkt. No. 40.)  Plaintiff, who is proceeding without counsel,

18  appeared on his own behalf.  Assistant United States Attorney Yoshinori H. T. Himel appeared

19  on behalf of the following named defendants: United States of America, "United States of

20  America Department of Veterans Affairs," and "Veterans Administration San Francisco Veterans

21  Administration Medical Center" (collectively, the "Federal Defendants").  Attorney Ian A.

22  Fraser-Thomson appeared on behalf defendants Mercury Insurance Group and Mary Pickett.[2]

23  _____

24      [1] This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
25
        [2] On June 9, 2011, the undersigned entered proposed findings and recommendations, which
26  recommended that plaintiff's claims against defendants Mercury Insurance Group and Pickett be

                                            1

1    Although the undersigned was prepared to enter a scheduling order in this case,
2 plaintiff requested at the scheduling conference that the court wait until October 2011 to schedule
3 dates in this case in light of several pleading-related or service-related motions that are either
4 pending before this court or that the parties have signaled might be filed.  These motions include
5 plaintiff's motion for judicial review of the "scope of employment certification" under the
6 Westfall Act, 28 U.S.C. § 2679(d) (Dkt. No. 31); plaintiff's motion for leave to amend his
7 complaint (Dkt. No. 32); and the Federal Defendants' potential motion to dismiss plaintiff's
8 complaint for insufficient service of process, ostensibly pursuant to Federal Rule of Civil
9 Procedure 12(b)(5) (see Joint Status Report at 1-2, Dkt. No. 33).  Counsel for the Federal
10 Defendants expressed no objection to plaintiff's request.  Although the undersigned ordinarily
11 would not grant such a request to delay the scheduling of a case, the undersigned grants
12 plaintiff's unopposed request in light of the number of unresolved matters relating to the nature
13 of plaintiff's complaint and the sufficiency of service of process on the Federal Defendants.
14 Accordingly, the undersigned does not presently enter a scheduling order in this case.  As a
15 result, the undersigned also stays formal discovery in this matter until a further status (pretrial
16 scheduling) conference has been held; the parties may, however, agree among themselves to
17 engage in discovery in the interim.
18    The undersigned briefly addresses the Federal Defendants' contention in the Joint
19 Status Report that plaintiff has not properly effectuated service on them pursuant to Federal Rule
20 of Civil Procedure 4(i), and that the 120-day limit on service provided in Federal Rule of Civil
21 Procedure 4(m) expired on June 9, 2011.  (See Joint Status Report at 1-2.)  The "Federal
22 defendants contend that process service is defective, including lack of certified mail service on

---

24 dismissed with prejudice. (Dkt. No. 30.)  Plaintiff filed no objections to the proposed findings and
recommendations, which are presently pending before the United States District Judge assigned to
this case. Additionally, a proposed amended complaint attached to plaintiff's recently filed motion
25 for leave to amend his complaint does not name Mercury Insurance Group or Pickett as defendants,
again suggesting that plaintiff does not object to the dismissal of those defendants from this action.
26 (See Pl.'s Mot. for Leave to File Am. Compl., Ex. A, Dkt. No. 32.)

the Department of Veterans Affairs; on the VA Medical Center in San Francisco to the extent that plaintiff may contend it is a suable entity; and on the Civil Process Clerk in the United States Attorney's Office." (Id.)  Although the Federal Defendants raised this defense in their answer to the complaint (Answer at 7, Dkt. No. 25), they did not file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) prior to their first appearance in this case on March 9, 2011 (Dkt. No. 12), and answering the complaint on April 7, 2011.  Plaintiff appears to maintain that he properly served the Federal Defendants, and appears to rely on a proof of service that he filed on February 18, 2011.  (Proof of Serv., Dkt. No. 7.)

As no motion to dismiss for insufficient service of process has been filed or is presently before the court, the undersigned does not resolve the issue of the sufficiency of service here.[3] However, as the undersigned stated at the scheduling conference, plaintiff will be permitted 30 additional days from the date of this order in which to ensure that service of process on the Federal Defendants has been effectuated consistent with Federal Rule of Civil Procedure 4(i).  Alternatively, if plaintiff still believes that he already properly served the Federal Defendants with process, he may file a statement to that effect prior to expiration of the 30 days.  As to the latter course of action, however, plaintiff is advised that if the court finds, in response to a motion filed by the Federal Defendants, that service of process was not proper, plaintiff

---

[3] A motion asserting a defense of insufficient service of process *"*must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  The undersigned expresses no view regarding whether the Federal Defendants can now move to dismiss under Rule 12(b)(5) as a procedural matter after answering the complaint.

The undersigned also expresses no view regarding whether the Federal Defendants waived their defense of insufficient service of process by appearing on March 12, 2011—prior to filing their answer—and filing a document entitled "United States' Notice of Substitution of It For Darrell M. McDonald By Operation of 28 U.S.C. § 2679(d)" (Dkt. No. 12), without expressing any objection of insufficient service of process.  See, cf., Benny v. Pipes, 799 F.3d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."); Craters & Freighters v. Daisychain Enters., No. 09-04531 CW, 2010 WL 761310, at *3-*4 (N.D. Cal. Mar. 2, 2010) (unpublished) (concluding that the defendants had forfeited their defense of insufficient service of process by, among other things, appearing in the action to oppose a motion for a preliminary injunction without expressing any objection of insufficient of service of process).

1  might face a recommendation that his case be dismissed.

2  For the reasons stated above, IT IS HEREBY ORDERED that:

3  1. Plaintiff is granted 30 days from the date of this order to effectuate proper service of process consistent with Federal Rule of Civil Procedure 4(i).  Within seven days of the completion of such service, plaintiff shall file a written notice of the same.  Alternatively, if plaintiff maintains that he properly served the Federal Defendants with process and need not ensure proper service at this point, he may file a statement to that effect within 30 days of the date of this order.

9  2. A further status (pretrial scheduling) conference shall be held before the undersigned on Thursday, October 6, 2011, at 10:00 a.m., in Courtroom 25.  The parties shall file a joint status report at least seven days in advance of the status (pretrial scheduling) conference.

12  3. Formal discovery in this matter is stayed until the further status (pretrial scheduling) conference has been held.  However, the parties may agree among themselves to engage in discovery in the interim.

IT IS SO ORDERED.

DATED:  July 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE