1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK A. GRANT,

11               Plaintiff,                    No. 2:11-cv-00360 LKK KJN PS

12        v.

13   UNITED STATES OF AMERICA;
     UNITED STATES OF AMERICA
14   DEPARTMENT OF VETERANS
     AFFAIRS, a federal agency,[1]
15
               Defendants.              FINDINGS AND RECOMMENDATIONS
16   _____/

17              Presently before the court is plaintiff's motion for leave to amend the Amended

18   Complaint (Dkt. No. 63), which was filed after expiration of the deadline for the amendment of

19   pleadings stated in the Status (Pretrial Scheduling) Order in this case.[2]  The court heard this

20   matter on its law and motion calendar on November 10, 2011.  Plaintiff, who is proceeding

21   _____

22        [1]  Plaintiff had originally named the "Department of Veterans Affairs" and the "Veterans
     Administration San Francisco Veterans Administration Medical Center" as defendants.  (First Am.
     Compl. at 1, Dkt. No. 56.)  The court recently approved the parties' stipulation dismissing the
23   "Veterans Administration San Francisco Veterans Administration Medical Center" with prejudice
     and substituting for that defendant the "United States of America Department of Veterans Affairs,
24   a federal agency," which had already filed an answer in this case.  (See Stipulation & Order, Oct. 28,
     2011, Dkt. No. 70; see also Am. Answer, Dkt. No. 59.)
25
          [2]  This action proceeds before the undersigned pursuant to Eastern District of California
26   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

1   without an attorney, appeared at the hearing and represented himself.  Assistant United States

2   Attorney Yoshinori H. T. Himel appeared on behalf of defendants United States of America and

3   United States of America Department of Veterans Affairs ("VA").  The undersigned has

4   considered the briefs, oral arguments, and appropriate portions of the record in this case and, for

5   the reasons stated below, recommends that plaintiff's motion for leave to amend be denied.  In

6   short, plaintiff has not demonstrated that "good cause" under Federal Rule of Civil Procedure 16

7   exists such that the Status (Pretrial Scheduling) Order should be modified to permit the filing of

8   plaintiff's further amended complaint.

9   I.     BACKGROUND

10         This action arises from a May 7, 2006 automobile accident involving plaintiff, a

11   military veteran who suffered injuries as a result of the accident, and a third party motorist.

12   Plaintiff's claims generally concern alleged violations of his privacy rights stemming from the

13   unauthorized disclosure or transmittal of plaintiff's private health information and medical

14   records by Darrell McDonald, a paralegal with the VA, to the third-party motorist's insurer,

15   Mercury Casualty Company ("Mercury"), and to Mercury's employee, Mary Pickett.[3]

16         Plaintiff's operative complaint is the Amended Complaint (Dkt. No. 56).  Plaintiff

17   filed the Amended Complaint on July 21, 2011, and the Amended Complaint was deemed filed

18   through a court-approved stipulation of the parties.  (Stipulation & Order, July 27, 2011.)

19   Defendants' operative answer is their Amended Answer (Dkt. No. 59).[4]

20         Plaintiff's Amended Complaint alleges that McDonald's unauthorized release of

21   plaintiff's private health information and medical records violated plaintiff's privacy rights.

---

23   [3] Plaintiff originally named Mercury and Pickett as defendants, but the court dismissed those
     defendants from this action with prejudice.  (Order, July 19, 2011, Dkt. No. 47.)  Plaintiff also
24   named McDonald as a defendant at the outset, but McDonald was subsequently dismissed from the
     action with prejudice through the parties' court-approved stipulation. (Stipulation & Order, July 27,
25   2011, Dkt. No. 55.)

26   [4] The undersigned recently denied plaintiff's motion to strike the Amended Answer. (Order,
     Oct. 20, 2011, Dkt. No. 67.)

1  Specifically, plaintiff asserts two claims for relief.  First, plaintiff alleges that McDonald's

2  actions violated the Privacy Act of 1974, 5 U.S.C. §§ 552a et seq.  (See Am. Compl. ¶¶ 28-42.)

3  In connection with his first claim for relief, plaintiff seeks $5 million dollars in general damages,

4  $17,095.69 in special damages, $6,566.18 in court costs and fees expended by plaintiff in

5  connection with prior litigation with Mercury, and attorney's fees.  (See id. ¶ 38 and prayer for

6  relief at 14-15.)

7  Second, plaintiff seeks declaratory relief.  (See Am. Compl. ¶¶ 43-71.)  Plaintiff

8  appears to contend that he or a third-party insurer, ostensibly Mercury, was "unlawfully" billed

9  by defendants in the amount of $17,095.69 for medical care plaintiff received as a result of the

10  automobile accident, and that some of the billing medical records released in connection with the

11  billing did not pertain to the May 7, 2006 automobile accident.  (See id. ¶¶ 47-50.)  This billing

12  allegedly resulted in a medical lien being imposed by the VA.  Plaintiff seeks a declaration of the

13  parties' rights, obligations, and duties as to each item billed and the responsibility to pay all or

14  part of the $17,095.69 lien.[5]  (See id. ¶ 54-55.)

15  On September 29, 2011, the parties filed a second joint status report with the court

16  (Dkt. No. 58).  Pertinent here, that joint status report states: "The First Amended Complaint was

17  filed July 21, 2011.  *No further amendment of the complaint is contemplated.*"  (Joint Status

18  Report, Sept. 29, 2011, at 2 (emphasis added).)[6]  On September 30, 2011, the undersigned

19

20  [5]  The Amended Complaint also alleges, however, that the "lien of $17,095.69 has been paid
in an amount of approximately $17,095.69 by [plaintiff] and/or third party tortfeasor." (Am. Compl.
21  ¶ 62.)  Plaintiff alleges that he endorsed checks from Mercury and Progressive Insurance in total
amounts of approximately $15,000 and $11,865.43, respectively, and sent the checks to the VA's
22  Medical Center in San Francisco, California, but that defendants have not cashed those checks.  (See
id. ¶¶ 63-66, 69.)  He alleges that a Medicare Secondary Payer Recovery Contractor is still
23  attempting to collect the lien amount and a late payment penalty.  (See id. ¶¶ 68, 70-71.)

24  [6]  Previously, on June 30, 2011, plaintiff and defendants filed an initial joint status report
(Dkt. No. 33).  That joint status report noted plaintiff's desire to amend his complaint, but made no
25  mention of plaintiff's desire to add claims.  That report states: "Plaintiff apparently wants to amend
to re-substitute former defendant Darrell McDonald for the United States and to sue him under the
26  Privacy Act.  Federal Defendants reserve their right to oppose such amendment."  (Joint Status

1 entered a Status (Pretrial Scheduling) Order in this case (Dkt. No. 61).  As a result of the parties'

2 joint representation in the joint status report regarding further amendment of the complaint, the

3 Status (Pretrial Scheduling) Order provides, in relevant part: "No further joinder of parties or

4 amendments to pleadings will be permitted except with leave of court and upon a showing of

5 good cause."  (Status (Pretrial Scheduling) Order at 3.)

6    Despite the fact that the joint status report in no way indicated that plaintiff

7 intended to seek leave to amend the Amended Complaint, plaintiff filed the pending motion for

8 leave to amend on October 3, 2011.  Plaintiff filed the motion only five days after representing in

9 the Joint Status Report that he contemplated no further amendments to the complaint, and only

10 four days after entry of the Status (Pretrial Scheduling) Order.  Plaintiff admits that he did not

11 seek defendants' consent to the proposed amendment prior to filing his motion, and only sought

12 such consent through an exhibit to his motion.  (See Mot. for Leave to Amend at 2 & Ex. Z.)

13 Plaintiff's motion focuses on the liberal amendment policy underlying Federal Rule of Civil

14 Procedure 15(a) (see id. at 2-3), but does not address the issue of "good cause" to modify the

15 scheduling order under Federal Rule of Civil Procedure 16(b)(4) and applicable case law.

16    Plaintiff's motion appends a proposed further amended complaint, the text of

17 which is approximately 21 pages longer than plaintiff's 15-page Amended Complaint.  (Mot. for

18 Leave to Amend, Ex. A.)  As with plaintiff's previously filed complaints in this case, the

19 proposed amended complaint is prolix and confusingly organized; the reader is forced to wade

20 through numerous unclear or redundant allegations.  Relevant to the pending motion, and

21 contrary to plaintiff's representations at the November 10, 2011 hearing, plaintiff proposes the

22 addition of new, unenumerated claims for relief in his proposed amended complaint.  At the

23 hearing, plaintiff misrepresented that his proposed amendment would simply allege that plaintiff

24 exhausted administrative remedies prior to filing suit.  Plaintiff's representation is plainly false.

25 _____

26 Report, June 30, 2011, at 2.)

1      First, plaintiff proposes the addition of a claim or claims for alleged violations of

2  the Privacy Act's statutory provisions relating to requests by individuals for the amendment or

3  correction of his or her records contained in an agency's system of records, see 5 U.S.C.

4  §§ 552a(d)(2), (d)(3), (g)(1), and (g)(2).[7]  (See, e.g., Proposed Am. Compl. ¶¶ 25-25.10.)

5  Although alleged without precision or clarity, plaintiff alleges that McDonald refused to amend

6  plaintiff's "medical records for the May 7, 2011 [sic] automobile accident submitted for payment

7  as a [VA] lien," and failed to inform plaintiff of his right to request review by the head of the VA

8  of McDonald's refusal to amend or correct the records.  (See id. ¶¶ 25.7, 25.10; see also id.

9  ¶ 27.21 (alleging that McDonald intentionally or willfully refused to amend plaintiff's "medical

10  records to exclude those medical billing records which were submitted to [Mercury] and/or

11  [Pickett] for medical care unrelated to any injuries suffered in the auto accident of May 7, 2006

12  as billing items in defendant [VA] claim/Lien of $17,095.69 . . .").)  Relatedly, plaintiff alleges a

13  violation of 5 U.S.C. §§ 553-57, which address agency adjudications and the provision of certain

14  notices in connection with an agency hearing.  (See Proposed Am. Compl. ¶¶ 25.17-20.)

15      Second, plaintiff seeks to add a claim that defendants violated 38 U.S.C. § 7332, a

16  proposed claim that is partially based on the same alleged acts of unauthorized disclosure by

17  McDonald that gave rise to the alleged Privacy Act violations.  (See, e.g., Proposed Am. Compl.

18  ¶¶ 27.16-27.17.)  Plaintiff also appears to allege that defendants' failure to amend his medical

19  records also violated 38 U.S.C. § 7332.  (See, e.g., id. § 27.20.)  Section 7332 provides for the

20  imposition of a fine on an individual who violates the non-disclosure provisions contained in the

21

22      [7]  Pursuant to 5 U.S.C. § 552a(d)(2), an individual may request amendment of a record
pertaining to him or her.  Within 10 days of the request, excluding weekends and legal public
holidays, the agency shall acknowledge receipt of the request and either correct the portion of the

23  record that the individual believes is not accurate, relevant, timely or complete; or inform the
requesting individual of the agency's refusal to amend or correct the record, the reason for such

24  refusal, and the agency's procedures for requesting review of the agency's refusal to amend or
correct.  See id. §§ 552a(d)(2).  Additionally, 5 U.S.C. § 552a(d)(3) provides the procedures and

25  standards applicable to the review process.  Sections 552a(g)(1) and (g)(2) authorize an individual
to pursue certain civil remedies in connection with alleged violations of the record amendment and

26  review provisions of the Privacy Act.  See id. §§ 552a(g)(1)-(g)(2).

1  remainder of that statutory section.  See 38 U.S.C. § 7332(g) ("Any person who violates any

2  provision of this section or any regulation issued pursuant to this section shall be fined . . . .");

3  see also 38 C.F.R. § 1.463 ("Under 38 U.S.C. 7332(g), any person who violates any provision of

4  this statute or §§ 1.460 through 1.499 of this part shall be fined not more than $5,000 in the case

5  of a first offense, and not more than $20,000 for a subsequent offense.").

6  II.   LEGAL STANDARDS

7          Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings before

8  trial and, in relevant part, provides:

9          **(a) Amendments Before Trial.**

10                 **(1)** *Amending as a Matter of Course.*  A party may amend its
                   pleading once as a matter of course within:

11

12                        **(A)** 21 days after serving it, or

13                        **(B)** if the pleading is one to which a responsive pleading is
                          required, 21 days after service of a responsive pleading or
                          21 days after service of a motion under Rule 12(b), (e), or
14                        (f), whichever is earlier.

15                 **(2)** *Other Amendments.*  In all other cases, a party may amend its
                   pleading only with the opposing party's written consent or the
16                 court's leave.  The court should freely give leave when justice so
                   requires.

17

18  Rule 15(a)(2) plainly states that leave to amend should be freely given when justice so requires,

19  and the Ninth Circuit Court of Appeals has stated that "requests for leave should be granted with

20  'extreme liberality.'"  Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (citation

21  omitted).  However, the Court of Appeals has also cautioned that "liberality in granting leave to

22  amend is subject to several limitations," which include "undue prejudice to the opposing party,

23  bad faith by the movant, futility, and undue delay."  Cafasso v. Gen. Dynamics C4 Sys., Inc., 637

24  F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks omitted); accord

25  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (stating that

26  "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing

6

party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile").  It has also advised that a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  Cafasso, 637 F.3d at 1058 (citations and quotation marks omitted).

Whether a motion seeking leave to further amend a complaint was filed prior to or after the deadline for amendments to pleadings set forth in a pretrial scheduling order materially affects the standards governing review of a motion for leave to amend.  "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establish[es] a timetable for amending pleadings that rule's standards control[]" whether the scheduling order should be modified to permit the filing of an amended complaint.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); accord AmerisourceBergen Corp., 465 F.3d at 952; see also Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (stating that "once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  See also Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing Johnson, 975 F.2d at 607).  In Johnson, the Ninth Circuit Court of Appeals described Rule 16's "good cause" inquiry:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the

7

> focus of the inquiry is upon the moving party's reasons for seeking
> modification.  If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (citations and quotation marks omitted, modification in original).

Judges of this court have articulated and undertaken the following three-step inquiry in resolving

the question of "diligence" in the context of determining good cause under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the
> movant may be required to show the following: (1) that she was diligent in
> assisting the Court in creating a workable Rule 16 order; (2) that her
> noncompliance with a Rule 16 deadline occurred or will occur,
> notwithstanding her diligent efforts to comply, because of the development
> of matters which could not have been reasonably foreseen or anticipated at
> the time of the Rule 16 scheduling conference; and (3) that she was
> diligent in seeking amendment of the Rule 16 order, once it became
> apparent that she could not comply with the order.

Jackson, 186 F.R.D. at 608 (citations omitted); accord Kuschner v. Nationwide Credit, Inc., 256

F.R.D. 684, 687 (E.D. Cal. 2009).

III.    DISCUSSION

Plaintiff seeks leave to amended his complaint for the second time, and only after

the court entered a pretrial scheduling order that expressly provided: "No further joinder of

parties or amendments to pleadings will be permitted except with leave of court and upon a

showing of good cause."  (Status (Pretrial Scheduling) Order at 3.)  Defendants' opposition to

plaintiff's motion for leave to amend first argues that plaintiff cannot satisfy Rule 16(b)(4)'s

"good cause" inquiry and that, accordingly, the court should deny plaintiff's motion without

reaching the question of leave to amend under Rule 15(a)(2).[8]  Defendants argue, in the

alternative, that plaintiff's motion should be denied because the proposed amendment would be

futile because the new claims raised by plaintiff are subject to dismissal on grounds including

that plaintiff failed to exhaust his administrative remedies and that sovereign immunity bars all or

part of each new claim.  The undersigned concludes that plaintiff failed to establish good cause

---

[8] Significantly, neither plaintiff's initial moving papers nor his reply brief addresses Rule 16's good cause inquiry or the related "diligence" inquiry.

1   under Rule 16(b)(4) and Johnson because of plaintiff's lack of diligence and, accordingly,

2   recommends that plaintiff's motion for leave to amend be denied without resolving whether

3   leave to amend is warranted under Rule 15(a)(2).

4            In evaluating the question of plaintiff's diligence as required by Rule 16 and

5   Johnson, the undersigned finds it appropriate to apply the three-factor test stated in Jackson.  The

6   undersigned first considers whether plaintiff was diligent in assisting the court in creating a

7   workable Rule 16 scheduling order, and concludes that plaintiff was not diligent in this regard.

8   See Jackson, 186 F.R.D. at 607 ("Central to this required showing of diligence is whether the

9   movant discharged her obligation under Rule 16 to collaborate with the district court in

10  managing the case.").  If anything, plaintiff has hampered and confused the scheduling process in

11  this case.

12           Plaintiff had several opportunities to advise the court and opposing counsel that

13  he intended to amend his complaint to add the new claims that appear in the proposed amended

14  complaint prior to entry of the pretrial scheduling order, but failed to do so.  Plaintiff and

15  defendants in this case filed a joint status report in advance of the initial scheduling conference

16  that was set for July 7, 2011.  Although plaintiff indicated that he intended to amend his

17  complaint to re-assert claims against Darrell McDonald individually, he gave no indication that

18  he desired to add new claims.  (Joint Status Report, June 30, 2011, at 2.)  Additionally, plaintiff

19  did not raise the possibility of seeking leave to add new claims at the July 7, 2011 scheduling

20  conference.  The parties subsequently filed a second joint status report in advance of a follow up

21  scheduling conference.  As noted above, plaintiff expressed no intention to amend his Amended

22  Complaint at all.  (See Joint Status Report, Sept. 29, 2011, at 2 ("No further amendment of the

23  complaint is contemplated.").)  The parties filed that joint status report on September 29, 2011,

24  and the court entered the pretrial scheduling order on September 30, 2011.  Despite the

25  admonition in the scheduling order that no further amendments would be permitted except upon

26  a showing of good cause, plaintiff filed the pending motion for leave to amend—which appends

1    a proposed amended complaint that is 15 pages longer than the last complaint—on October 3,

2    2011, just four days after entry of the pretrial scheduling order.  It is highly improbable that

3    plaintiff was unaware of his intention to seek leave to amend to add new claims at the time of the

4    filing of the second joint status report.  See Jackson, 186 F.R.D. at 608 (stating that if a party

5    seeking leave to amend after entry of the pretrial scheduling order was aware of those

6    circumstances necessitating the motion for leave to amend when submitting a status report "and

7    yet said nothing about them, then such an omission would not be 'compatible with a finding of

8    diligence'") (citing Johnson, 975 F.2d at 609).  In short, plaintiff was not diligent in assisting the

9    court in creating a workable Rule 16 pretrial scheduling order, and appears to have been less than

10   forthcoming in assisting defendants in drafting the joint status report.

11              At the hearing on plaintiff's motion, plaintiff represented to the court that he

12   assented to defendants' proposal that the second joint status report state that plaintiff anticipated

13   no further amendment because plaintiff was in a hurry to leave his home on the day that

14   defendants' counsel called him about the report.  Plaintiff stated that he was on his way out of his

15   home for a dialysis appointment and, therefore, simply agreed with defendants' counsel's

16   proposed language.  Plaintiff's excuse that he was in a hurry and therefore agreed to an

17   inaccurate representation—which plaintiff raised for the first time at the hearing—is plainly

18   incompatible with a finding of diligence.  Plaintiff had an obligation to assist the court in crafting

19   a scheduling order, and failed in that regard.[9]  And to the extent that plaintiff asserts that he was

20   merely careless in repeatedly failing to raise his desire to add new claims to his complaint,

21   "carelessness is not compatible with a finding of diligence and offers no reason for a grant of

22   relief."  Johnson, 975 F.2d at 609.

23              Second, the undersigned considers whether plaintiff's noncompliance with a

24

25              [9]  At the hearing, plaintiff all but took the position that defendants' counsel sole responsibility
     to craft the joint status report.  As the undersigned stated at the hearing, plaintiff's position is entirely
26   incorrect.

1  Rule 16 deadline occurred notwithstanding his diligent efforts to comply because of the

2  development of matters which could not have been reasonably foreseen or anticipated at the time

3  of the Rule 16 scheduling conference.  Based on the nature of the proposed amendments and the

4  timing of plaintiff's motion seeking leave, it is not the case that plaintiff's motion is the result of

5  the development of matters which could not have been reasonably foreseen or anticipated at the

6  time of the Rule 16 scheduling conference.  For example, plaintiff has given no indication that he

7  received responses to formal discovery or that some other circumstance arose between the filing

8  of the pretrial scheduling order on September 30, 2011, and the filing of plaintiff's motion on

9  October 3, 2011, which prompted the motion for leave to amend.  Moreover, to the extent that

10  plaintiff's new claims are premised on McDonald's alleged unauthorized disclosure of plaintiff's

11  medical records to Mercury and Pickett, plaintiff has consistently alleged that he became aware

12  of the disclosure on September 17, 2009, and began communicating with McDonald regarding

13  the disclosure on that date.  (See Am. Compl. ¶¶ 40-41 & Ex. F; Proposes Am. Compl. ¶¶ 40-41

14  & Ex. F.)  In short, plaintiff has not referenced any new or previously unavailable information

15  that motivated plaintiff's request for relief and substantiates a finding of diligence.  See Jackson,

16  186 F.R.D. at 609.

17           Third, the undersigned considers whether plaintiff was diligent in seeking

18  amendment of the Rule 16 order once it became apparent that he could not comply with the

19  order.  Although plaintiff filed his motion for leave to amend only four days after entry of the

20  pretrial scheduling order, plaintiff did not actually move to modify the scheduling order to permit

21  the late amendment.  As noted above, plaintiff's moving papers do not address good cause under

22  Rule 16(b)(4), and the reply brief does not address this issue even after defendants' raised it in

23  their opposition brief.  Moreover, as stated above, the fact that plaintiff filed his motion for leave

24  to amend so shortly after entry of the pretrial scheduling order belies any claim of diligence by

25  plaintiff.  As stated above, the short period of time between the entry of the pretrial scheduling

26  order and the filing of plaintiff's motion more strongly indicates that plaintiff knew of his

1    intention to seek further amendment of his complaint yet failed to apprise defendants and the

2    court of such intention.

3              The undersigned concludes that plaintiff has failed to establish diligence, and thus

4    failed to establish good cause as set forth in <u>Johnson</u> and further explained in <u>Jackson</u>.

5    Accordingly, the undersigned recommends that plaintiff's motion for leave to amend be denied.

6              The undersigned briefly addresses an argument in plaintiff's reply brief wherein

7    plaintiff argues that he is entitled to amend his Amended Complaint as a matter of course as a

8    result of the approved stipulation that substituted the VA as a defendant for the "Veterans

9    Administration San Francisco Veterans Administration Medical Center."  (<u>See</u> Reply Br. at 3.)

10   As noted above, the court recently approved a stipulation dismissing the "Veterans

11   Administration San Francisco Veterans Administration Medical Center" with prejudice and

12   substituting the VA for that defendant.  (<u>See</u> Stipulation & Order, Oct. 28, 2011.)  Plaintiff

13   suggests that the VA is a "new defendant" that has not yet answered a complaint in this case, and

14   that as a result, plaintiff is entitled to amend as a matter of course as to *all* defendants pursuant to

15   Federal Rule of Civil Procedure 15(a)(1)(B).  Rule 15(a)(1)(B) does not permit amendment as a

16   matter of course as to the United States, which is a named defendant in the Amended Complaint

17   and filed an answer to the Amended Complaint prior to the date of the stipulation.  (Am. Answer

18   at 1.)  Regarding the VA, the VA was not added as a new party through the October 28, 2011

19   stipulation and order—plaintiff had already named the VA as a defendant in his Amended

20   Complaint, and the VA answered plaintiff's Amended Complaint prior to approval of the

21   stipulation.  (<u>See</u> Am. Compl. at 1; Answer to First Am. Compl. at 1, Dkt. No. 57; Am. Answer

22   at 1.)  Accordingly, the VA is not a newly added defendant that has yet to answer such that

23   plaintiff may amend as a matter of course.

24             Finally, although not the basis for resolution of the pending motion, the

25   undersigned briefly addresses defendants' arguments regarding the "futility" of the proposed

26   amendments.  "A motion for leave to amend may be denied if it appears to be futile or legally

insufficient." <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988). "[A] proposed

amendment is futile only if no set of facts can be proved under the amendment to the pleadings

that would constitute a valid and sufficient claim or defense." <u>Id.</u> "The test for futility is

identical to the one used when considering the sufficiency of a pleading challenged under

Rule 12(b)(6)." <u>Kuschner</u>, 256 F.R.D. at 987 (citing <u>Miller</u>, 845 F.2d at 214).

Here, the undersigned agrees with defendants that the federal government's

sovereign immunity would bar the following newly proposed claims for relief: (1) plaintiff's

claim for money damages pursuant to 5 U.S.C. §§ 552a(d)(2), (d)(3), and (g)(1)(A) in connection

with the alleged refusal to correct or amend plaintiff's records or review the decision not to

correct or amend the records; (2) plaintiff's claim or claims brought pursuant to 38 U.S.C.

§ 7332.[10] Plaintiff has not identified any express waiver of the federal government's sovereign

immunity in regards to these claims. As to the claim brought pursuant to 5 U.S.C. §§ 552a(d)(2),

(d)(3), and(g)(1)(A), 5 U.S.C. § 552a(g)(2)(A) provides the specific remedy of injunctive relief

for the claims at issue and makes no mention of money damages. <u>See</u> 5 U.S.C. § 552a(g)(2)(A)

("In any suit brought under the provisions of subsection (g)(1)(A) of this section, the court may

order the agency to amend the individual's record in accordance with his request or in such other

way as the court may direct."); <u>see also</u> <u>Haase v. Sessions</u>, 893 F.2d 370, 374 (D.C. Cir. 1990)

(dictum) (noting the court's view that a remedy for damages is inconsistent with the plain

_____

[10]   To confer subject matter jurisdiction in an action against a sovereign, there must exist:
(1) "statutory authority vesting a district court with subject matter jurisdiction," and (2) "a waiver
of sovereign immunity." <u>Alvarado v. Table Mountain Rancheria</u>, 509 F.3d 1008, 1016 (9th Cir.
2007). Because the United States is a sovereign, it is immune from suit unless it has expressly
waived its immunity and consented to be sued. <u>See</u> <u>Dunn & Black, P.S. v. United States</u>, 492 F.3d
1084, 1087-88 (9th Cir. 2007). The United States Supreme Court has "frequently held . . . that a
waiver of sovereign immunity is to be strictly construed, in terms of scope, in favor of the
sovereign." <u>Dep't of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 261 (1999). Moreover, the waiver
cannot be implied, but must be "unequivocally expressed" in the statutory text. <u>Id.</u>; <u>accord</u> <u>Harger
v. Dep't of Labor</u>, 569 F.3d 898, 903 (9th Cir. 2009). The party asserting a waiver of sovereign
immunity bears "the burden of establishing that its action falls within an unequivocally expressed
waiver of sovereign immunity by Congress. . . ." <u>Dunn & Black, P.S.</u>, 492 F.3d at 1088.

1   language of 5 U.S.C. § (g)(1)(A)).[11]  In regards to plaintiff's proposed claims asserted pursuant to

2   38 U.S.C. § 7332, that statutory section provides no express waiver of the federal government's

3   sovereign immunity.[12]  Accordingly, any proposed amendments to state such claims would be

4   futile on the grounds that the court lacks subject matter jurisdiction to hear such claims.

5   IV.    CONCLUSION

6            For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's

7   motion for leave to amend his Amended Complaint (Dkt. No. 63) be denied.

8            These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

12  Such a document should be captioned "Objections to Magistrate Judge's Findings and

13  Recommendations."  Any response to the objections shall be filed with the court and served on

14  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

---

21
22      [11]  A closer question is presented by defendants' argument that plaintiff's failure to exhaust
        his administrative remedies in regards to his record amendment or correction claims seeking
23      injunctive relief renders amendment futile.  The undersigned need not resolve that question here
        because, as discussed above, plaintiff's motion fails for want of good cause supporting an
24      amendment to the Rule 16 scheduling order.

25      [12]  Moreover, 38 U.S.C. § 7332 provides only a criminal penalty for unlawful disclosure of
        records under that section.  See 38 U.S.C. § 7332(g); 38 C.F.R. § 1.463.  Plaintiff has not
26      persuasively argued that 38 U.S.C. § 7332 provides a civil remedy or an express or implied private
        right of action against the federal government.

1  Failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d

3  1153, 1156-57 (9th Cir. 1991).

4         IT IS SO RECOMMENDED.

5  DATED:  November 14, 2011

6

7  _____
   KENDALL J. NEWMAN

8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26