IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. GRANT,

        Plaintiff,                  No. 2:11-cv-00360 LKK KJN PS

     v.

UNITED STATES OF AMERICA, et al.,

        Defendant.             <u>ORDER</u>

        Presently before the court is defendants' ex parte application proposing a method, aside from seeking a sealing order, for referring to one or two of plaintiff's medical conditions that are implicated by plaintiff's privacy-related claims (Dkt. No. 78).[1]  Plaintiff has designated those medical conditions as confidential pursuant to the parties' stipulated protective order, and defendants are in the process of preparing a motion for summary judgment that will touch on those conditions. (Ex Parte Appl. at 1; Himel Decl. ¶ 2.)  Defendants have adequately shown their need to seek relief on an ex parte basis, as plaintiff has not responded to defendants' efforts to seek a stipulation regarding the preservation of the confidential information. (Himel Decl.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1 ¶¶ 3-6.)[2]

2       As reflected below, defendants propose that plaintiff's medical conditions at issue
3 be referred to in publicly filed documents by the symbols "**#1#**" and "**#2#**," but that courtesy
4 copies of filings that refer to the conditions and are submitted to the undersigned's chambers
5 need not be redacted.  The undersigned finds that defendants' proposed reference system
6 adequately protects plaintiff, but defendants are advised to take great care in referring to, or
7 describing, the medical conditions in any briefing or at any hearing.

8       The undersigned notes that defendants intend to notice their motion for summary
9 judgment for an August 2, 2012 hearing (Ex Parte Appl. at 1), which is likely because the law
10 and motion cutoff date in this case is August 9, 2012 (Status (Pretrial Sched.) Order at 3, Dkt.
11 No. 61).  Given that the court's August 2, 2012 calendar is already impacted, and in order to
12 provide defendants (and plaintiff, if necessary) time to revise their forthcoming motion in light of
13 this order, the court modifies the scheduling order on its own motion for good cause and extends
14 the law and motion "completion" date to September 6, 2012.  All other dates in the scheduling
15 order shall remain the same.

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.   Defendants' ex parte application (Dkt. No. 78) is granted.

18       2.   Plaintiff's medical condition giving rise to this action may be referred to
19 by number.  References to that condition in the moving, opposition, and reply papers filed with
20 the Clerk on the public record, including exhibits attached to those papers, shall be replaced by
21 the symbol #1# or redacted; and redactions may be labeled with the number 1 or the symbol #1#.

22       3.   Plaintiff's medical condition giving rise to his military discharge may be
23 referred to by number.  References to that condition in the moving, opposition, and reply papers

---

[2] The undersigned notes that defendants only sought the stipulation on June 18, 2012, just over one week prior to filing their ex parte application. (Himel Decl. ¶ 3.) Although plaintiff's lack of a response might warrant ex parte relief, it cannot be described on the present record as dilatory.

filed with the Clerk on the public record, including exhibits attached to those papers, shall be replaced with the symbol #2# or redacted; and redactions may be labeled with the number 2 or the symbol #2#.

4. Materials submitted to chambers, such as courtesy copies required by Local Rule 130(b), need not be redacted. The undersigned and his staff will treat such materials with the appropriate level of care.

5. Either party, or both parties, may communicate the identity of the medical condition corresponding to the number 1 or 2, or both, to the court for chambers use, not on the Clerk's public record, but with notice to the other party of the substance of the communication.

6. The Status (Pretrial Scheduling) Order is modified such that the law and motion completion deadline is continued to **September 6, 2012**. All other dates in the Status (Pretrial Scheduling) Order shall remain the same.

IT IS SO ORDERED.

DATED: June 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE